# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| MAREK A. DOCHNAL,<br><br>    Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br><br>    Defendant. | Case No. 2:18-CV-0044<br>REEVES/CORKER |

## DEFENDANT THOMSON REUTERS CORPORATION'S MOTION TO DISMISS

Comes now Defendant Thomson Reuters Corporation ("TRC"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2), and moves to dismiss Plaintiff Marek Dochnal's Complaint for lack of personal jurisdiction. Plaintiff's Complaint should also be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3) for improper venue. Alternatively, even if this Court finds it has personal jurisdiction over TRC, the Complaint should still be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has no standing to sue under Article III of the United States Constitution.

In support of the instant Motion, Defendant TRC states as follows:

  1.  Plaintiff filed his Complaint on March 27, 2018, naming TRC as the defendant. He served the Complaint on TRC in Toronto, Canada, on April 18, 2018.

  2.  Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*.

  3.  Plaintiff alleges that this Court has jurisdiction over his Complaint under 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under

federal law, and 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

4. Defendant moves for dismissal of the Complaint for three reasons.

5. First, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because the Court has no personal jurisdiction over TRC. As a Canadian-incorporated and Canadian-headquartered company, TRC is not subject to general jurisdiction in Tennessee. Nor is there specific jurisdiction over TRC for purposes of this lawsuit, as there is no basis in the Complaint to infer that TRC purposefully availed itself of the privilege of acting in Tennessee, that Plaintiff's claims arise from any Tennessee activities by TRC, or that litigating this matter in Tennessee would be reasonable.

6. Second, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Plaintiff asserts that venue is proper under 28 U.S.C. § 1391(b)(3), the venue provision for foreign corporations that are subject to the Court's personal jurisdiction. Because this Court does not have personal jurisdiction over TRC, venue is not proper under 28 U.S.C. § 1391(b)(3).

7. Third, and only if this Court finds that it has jurisdiction over TRC, the Complaint should still be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing. Plaintiff has not alleged that he suffered an injury-in-fact that is (1) concrete and particularized, (2) traceable to any conduct by TRC, or (3) redressable by the relief Plaintiff seeks against TRC.

8. The instant Motion is supported by the Declaration of Paula R. Monaghan, dated May 7, 2018, attached hereto as Exhibit A; the Declaration of Jorg Schaper, dated May 8,

2018, attached hereto as Exhibit B; and the accompanying Memorandum of Law and other ancillary documents filed contemporaneously herewith.

WHEREFORE, Defendant TRC requests that this Court enter an order dismissing Plaintiff's lawsuit for lack of personal jurisdiction and improper venue.  Alternatively, this Court should enter an order dismissing Plaintiff's lawsuit for lack of Article III standing.

Dated:  May 9, 2018

Respectfully submitted,

 s/ Ashley Meredith Strittmatter
Ashley Meredith Strittmatter (BPR No. 20867)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee  37919
T:  865-549-7207
F:  865-633-7207
astrittmatter@bakerdonelson.com

Eric C. Bosset*
Katharine R. Goodloe*
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
T:  202-662-6000
F:  202-662-6291
ebosset@cov.com
kgoodloe@cov.com

*Attorneys for Defendant
Thomas Reuters Corporation*

 *\* Pro hac vice motion submitted contemporaneously herewith*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 9, 2018, a true and exact copy of the foregoing **Defendant Thomson Reuters Corporation's Motion to Dismiss** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                s/ Ashley Meredith Strittmatter
                                                Ashley Meredith Strittmatter