# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MAREK A. DOCHNAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CV-00044 |
| ) | REEVES/CORKER |
| THOMSON REUTERS CORPORATION ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, Marek A. Dochnal, is a citizen of Poland with no connection to the State of Tennessee. He has sued defendant, Thomson Reuters Corporation (TRC), a Canadian corporation, over the alleged practices of a TRC subsidiary Well-Check, a business managed in London, England. TRC moves to dismiss the complaint on three grounds (1) lack of personal jurisdiction over TRC, (2) improper venue, and (3) Dochnal's lack of standing to bring suit in this court. Because Dochnal fails to plead any facts connecting his claims to Tennessee, TRC's motion to dismiss is granted.

### I. Background

Dochnal sued TRC in the Eastern District of Tennessee, alleging violations of the Fair Credit Reporting Act and the Tennessee Consumer Protection Act. Plaintiff alleges that TRC operates a subscription-only, public records database known as World-Check, that is used by financial institutions and governments "to combat crime and international

terrorism." Dochnal avers his profile on World-Check is harmful to his reputation. For jurisdictional purposes, Dochnal avers that TRC does business in Washington County, Tennessee.

Plaintiff is a Polish activist, who resides outside the United States and is a citizen of a foreign country.

TRC is incorporated in Ontario, Canada, and maintains a place of business in Toronto, Canada. One of TRC's many subsidiaries is World-Check, a London-based group that compiles information about individuals and businesses gathered through various public sources. World-Check is managed by Reuters Limited, a subsidiary of TRC located in London, England.

Dochnal's World-Check profile contains his name, date of birth, place of birth, citizenship, location, companies, biography, and a summary report. The narrative section of the profile addresses criminal history, including dates of arrest, convictions, and releases from detention. All data comes from publicly-available sources and is not generated by World-Check. World-Check provides cites to publicly available sources for the information contained therein. World-Check profiles contain a general legal notice that subscribers should conduct independent checks to verify its profile, and that World-Check is "not responsible for the content of third party sites or sources."

According to his World-Check profile, Dochnal's criminal history includes convictions for corruption, racketeering, and bribing members of the Polish Parliament. Dochnal claims that as a result of this information being compiled and provided to subscribers by World-Check, he has experienced harm to his reputation and economic

2

damages.  Dochnal further alleges "mysterious lost business opportunities" due to denial of his "right to open a bank account at several banks in different countries, including the United States."  Dochnal alleges TRC has violated the Fair Credit Reporting Act as well as the Tennessee Consumer Protection Act.  Dochnal is seeking injunctive relief requiring all records concerning him be removed from TRC's databases and reports, as well as unspecified damages.

## III. Analysis

**A.     Personal Jurisdiction**

TRC asserts the complaint should be dismissed under FRCP 12(b)(2) because the court has no personal jurisdiction over TRC.  As a Canadian-incorporated and Canadian-headquartered company, TRC is not subject to general jurisdiction in Tennessee, nor is there specific jurisdiction over TRC.

Dochnal bears the burden of demonstrating that personal jurisdiction exists.  *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).  A district court may decide to rule on the jurisdictional issue upon a full trial record, after an evidentiary hearing, or merely on the basis of a written record.  *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980).  This matter has been fully briefed by the parties and affidavits and exhibits have been filed.  There is no need for an evidentiary hearing in this matter and the motion will be decided on the record.

When a court decides the issue on the basis of the written record alone, plaintiff needs only to make a *prima facie* case of jurisdiction.  To survive a motion to dismiss, plaintiff needs only to "demonstrate facts which support a finding of jurisdiction."  *Id.*  The

burden on plaintiff is relatively slight. The court considers the pleadings and affidavits in the light most favorable to the plaintiff. Any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (the court does not consider facts proffered by the defendant that conflict with those proffered by the plaintiff); *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (a court disposing of a Rule 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal). Dismissal under Rule 12(b)(2) is proper only if the specific facts alleged by plaintiff, taken as a whole, fail to state a *prima facie* case for personal jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003). Thus, as long as the plaintiff is able to "demonstrate facts which support a finding of jurisdiction," the motion to dismiss will be denied, even in the face of controverting evidence presented by the moving party. *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989).

In order for a non-resident defendant to be subject to the jurisdiction of a court, the defendant must have "certain minimum contacts . . . such that the maintenance of a suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant's minimum contacts with the forum state may create two types of personal jurisdiction, general or specific. *Daimler AG v. Bauman*, 134 S. Ct. 746, 748 (2014).

General jurisdiction over a defendant exists where the defendant's contacts with the forum state are "continuous and systematic" such that a defendant should "reasonably

anticipate being haled into court there." *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. 408 U.S. 408, 416 (1984). General jurisdiction allows a defendant to be sued in the forum state even where the cause of action has no relation to the contacts that the defendant has made in that state because the defendant is essentially "at home" in the forum state. *Id*. A defendant will be found "at home" in the state where the business is incorporated and the state in which the principal place of business is located. *Daimler*, 571 U.S. at 139.

Here, while Dochnal asserts that TRC and its subsidiaries operate several services that are used in Tennessee by a multitude of Tennesseans, TRC is not "at home" in Tennessee. It is incorporated in Ontario, Canada, and its principal place of business is in Toronto, Canada. TRC does not have any offices or employees in Tennessee, nor does TRC own real property, or a bank account in this state. TRC is not licensed to do business in Tennessee, nor does it have an agent for service of process in Tennessee. Apart from a general allegation that TRC is doing business in Washington County, Tennessee, the complaint contains no specific allegations about the nature and extent of any TRC contacts in the state. Dochnal alleges no facts showing that TRC's contacts in Tennessee are sufficient enough to render TRC "at home" in Tennessee.

The general jurisdiction inquiry does not focus solely on the "magnitude of the defendant's in-state contacts." *Id.* at 139 n. 20. Instead, a corporation's activities in the forum state must be weighed against its activities in every other forum, as a "corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* And, as TRC points out, subsidiary conduct is generally not relevant for purposes of determining general jurisdiction over the parent company. *See Third Nat'l Bank v. WEDGE Grp., Inc.,*

5

882 F.2d 1087, 1089 (6th Cir. 1989); *see also Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1274 (6th Cir. 1998) (holding a company does not purposefully avail itself merely by owning all or some of a corporation subject to personal jurisdiction). Accordingly, the court finds that TRC is not subject to general jurisdiction in Tennessee.

Next, the court will analyze whether specific jurisdiction exists over TRC in this court. Specific jurisdiction allows a defendant to be sued in the forum state where the issues of the suit derive from or are connected to the contacts that establish jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). The existence of specific jurisdiction is determined by looking at the relationship among the defendant, the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). For a court to exercise specific jurisdiction that is consistent with constitutional due process, the defendant's "suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S. Ct. 115, 1121 (2014).

The Sixth Circuit has established a three-part test to determine whether the court may exercise specific jurisdiction over a particular defendant. First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable. *Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Specific jurisdiction will not exist unless all

three prongs are satisfied. *LAK Inc. v. Deer Creek Enters.,* 885 F.2d 1293, 1303 (6th Cir. 1989).

### 1. Purposeful Availment

The purposeful availment requirement is considered the most important requirement. *Id.* The defendant must have purposefully availed itself of the "privilege of acting in the forum state or causing a consequence in the forum state." *Id.* Requiring that the defendant take purposeful steps in the forum state ensures that a defendant's "random, fortuitous, or attenuated" contacts with the forum state will not subject it to being haled into court there. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). Additionally, the defendant's relationship with the forum state must arise out of the contacts that the *defendant itself* created with the forum state. *Id.* The unilateral activity of the plaintiff or a third party cannot be the basis of exercising personal jurisdiction over the defendant. *Id.* The basis for haling a foreign defendant into court must be clearly articulated when establishing personal jurisdiction. *Malone v. Windsor Casino Ltd.,* 14 Fed. Appx. 634, 636 (6th Cir. 2001).

A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state. *Neogen*, 282 F.3d at 890. Dochnal lists a variety of web-based services offered through TRC's many subsidiaries, but he has failed to list any products or services that are actually maintained by TRC itself. It is the defendant's *own contacts* with the forum state that give rise to personal jurisdiction; unilateral acts of a third party play no role in the analysis. *Burger King*, 471 U.S. at 475. A parent-subsidiary relationship alone

7

does not establish personal jurisdiction. *See Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361-63 (6th Cir. 2008). Rather, a parent company must exert so much control over the subsidiary that the two do not exist as separate entities but are one and the same. *Id.* at 362.

The Sixth Circuit considers several factors when determining whether a subsidiary is merely an alter-ego of the parent company including

> (1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets; (5) completing the same jobs; (6) not maintaining separate books, tax returns and financial statements; and (7) exerting control over the daily affairs of another corporation.

*Anwar v. Dow Chem. Co.*, 876 F.3d 841, 849 (6th Cir. 2017). Total ownership and shared management personnel are not by themselves enough to render a parent company subject to personal jurisdiction. *Id.* Dochnal fails to allege any facts that would indicate these subsidiaries are an alter-ego of TRC. He offers no facts required under *Anwar,* and instead asks the court to "look through this disguised corporate web and see that [TRC] is the nerve center . . . ." The only concrete assertions that Dochnal makes are that TRC operates a website accessible in Tennessee and uses the same logo and branding materials within several of its subsidiaries. However, the Sixth Circuit has determined that operating a website in a state does not in and of itself constitute purposeful availment. *Neogen*, 282 F.3d at 892. The same has never been held by the Sixth Circuit for using shared branding materials, and at least one federal district court has explicitly determined that sharing a brand is not sufficient to create alter-egos. *See Tuttle v. Sky Bell Asset Mgmt.,* 2011 WL 4713233 (N.D.Cal. Oct. 7, 2011). Finally, this alter-ego test requires that there be "an

element of injustice or fundamental unfairness" if it is not applied. *Flynn v. Greg Anthony Constr. Co.,* 95 Fed. Appx. 726, 737 (6th Cir. 2003). Dochnal offers no facts to support an alter-ego theory, or that would indicate the presence of any unfairness in failing to apply the test. Dochnal will not be denied the opportunity to bring suit in another jurisdiction and denial of personal jurisdiction in the Eastern District of Tennessee is unlikely to substantially affect his ability to recover damages. The court finds Dochnal has failed to meet the purposeful availment requirement to bring this action in the Eastern District of Tennessee.

### 2. Arising From

The second criterion under *Southern Machine* asks whether the plaintiff's claims "arise from" the defendant's contacts with Tennessee. The Sixth Circuit has observed that the "arising from" prong is met when the operative facts arise from the defendant's contacts with the state. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). This requirement ensures that defendants are not lightly made to "submit to the coercive power of a state that may have little legitimate interest in the claims in question. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty,* 137 S.Ct 1773, 1780 (2017). To show that the alleged harm arose from the defendant's in-state activity, a plaintiff must "demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Beydoun v. Wataniya Rests. Holding, Q.S.C.,* 768 F.3d 499, 507 (6th Cir. 2014). Mere "but-for causation" is insufficient. *Id.* Instead, the plaintiff's cause of action "must be proximately caused by the defendant's contacts with the forum state." *Id.* at 507-08.

Here, Dochnal fails to show that his claims arise from any TRC activity in Tennessee. He complains of being "denied the right to open a bank account at several banks in different countries, including the United States." But he does not allege he was denied a bank account in Tennessee because of any TRC activity in Tennessee. Dochnal also complains of being "rejected for participation in business activities based on being a compliance risk." But, again, his complaint fails to suggest those business activities arose in Tennessee and were lost because of any in-state TRC activity. Finally, he alludes generally to "lost business opportunities based on THOMSON REUTERS publishing information." However, Dochnal does not claim these lost opportunities arose in Tennessee, nor does he plead any facts connecting those events to any in-state activity by TRC. Dochnal fails to show a connection between the forum and the specific claims at issue. When none of the events in the complaint happen in the forum state and none of the actions taken by the defendant happen in the forum state, the court lacks specific jurisdiction. *Negash v. Devry Univ.,* 2018 WL 1570625 at *5 (E.D.Mich. March 30, 2018).

In his response, Dochnal states that he was denied credit by a bank in Switzerland. Dochnal has not alleged any TRC activity in Tennessee; he has only alleged actions by subsidiaries. His entire argument depends on this court imputing subsidiary action to the parent company. As discussed above, TRC is not the alter-ego of these subsidiaries, and corporate ownership alone is insufficient for the purposes of exercising personal jurisdiction. Dochnal provides no factual support for his claim that the events giving rise to his alleged harm occurred in Tennessee, and he thus fails to meet the second prong of the test.

### 3. Reasonableness

The third prong of the *Southern Machine* test requires that the exercise of personal jurisdiction over the defendant in the forum state must be reasonable. *Southern Machine*, 401 F.2d at 381. Reasonableness is based on an assessment of (1) the burden on the defendant, (2) the interests of the forum state, and (3) the plaintiff's interest in obtaining relief. *Beydoun,* 768 F.3d at 508. This requirement exists because "minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Johnson v. Sandvik, Inc.,* 2017 WL 3263465 at *4 (E.D.Mich. Aug. 1, 2017). This factor weighs against jurisdiction when all the relevant underlying events occur outside the forum state, the defendant is a foreign corporation, and any discovery would involve the production of foreign papers and deposition of foreign witnesses. *Beydoun,* 768 F.3d at 508.

Nothing in Dochnal's complaint suggests that Tennessee has any interest in adjudicating this dispute. A Polish national is suing a Canadian corporation for the activities of a business managed in London, England. Neither Dochnal nor TRC have any apparent connections with Tennessee. None of the underlying events took place in Tennessee. World-Check business records and employees are not located in Tennessee. Jurisdiction is unreasonable when it would impose a heavy burden on a defendant with no presence in the forum, all of the events underlying the dispute occurred in another forum, and all of the evidence and witnesses are there as well. *Miller v. AXA Winterthur Ins. Co.,* 694 F.3d 675, 681 (6th Cir. 2012). Dochnal does nothing more than ask, once again, that this court impute subsidiary actions to the parent and alleges that Tennessee does have an

interest in this case since the case involves "ongoing" violations of "federal statutes." This argument, however, does not sufficiently show why Tennessee would have a particular interest in this case.

Moreover, Dochnal has made no showing that his interests in obtaining relief will be seriously affected by this case being dismissed. Cases that are dismissed for lack of jurisdiction do not act as an adjudication on the merits. *See* FRCP 41(b); *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005). Dochnal will not be precluded from refiling his suit in a more appropriate location such as Canada, Poland, or England. Since all of the relevant events underlying the controversy did not occur in Tennessee and most of the discovery will necessarily involve the production of foreign legal papers and deposing foreign witnesses, the court finds exercising jurisdiction over TRC would not be reasonable.

**B. Venue**

TRC asserts the complaint should also be dismissed pursuant to FRCP 12(b)(3) for improper venue. Dochnal argues that venue is proper under 28 U.S.C. § 1391(b)(3), which provides that a civil action may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction. As discussed above, TRC is not subject to personal jurisdiction in the Eastern District of Tennessee. Thus, it follows that venue is improper, as well. *See Brent v. Hyundai Capital Am.,* 2014 WL 7335415 at *5 (W.D.Tenn. Dec. 19, 2014) (holding that when no defendant is subject to the court's personal jurisdiction, the action should be dismissed for lack of venue).

Congress has given the district courts discretion to transfer a case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a); *see also Reese v. CNH Am. LLC,* 574 F.3d 315, 320 (6th Cir. 2009). The problem here is there is no forum within the United States that appears to be an appropriate venue for this case. The only harm Dochnal has specifically alleged is being denied a bank account in Switzerland. General jurisdiction cannot be obtained anywhere in the United States, specific jurisdiction only seems appropriate in Poland, Canada, England or Switzerland. Transfer out of the country is not contemplated under § 1406. Rather, it appears more appropriate to dismiss the case without prejudice and allow Dochnal to file suit in a more appropriate forum. Although Dochnal has alleged violations of Tennessee law as well, he "should not be permitted by means of a transfer to resurrect claims which might be lost due to a complete lack of diligence in determining the proper forum in the first place." *Stanifer v. Brannan,* 564 F.3d 455, 457 (6th Cir. 2009).

**C.     Motion to Amend Complaint**

Dochnal moves to amend his complaint to add additional plaintiffs, additional defendants, a claim for unreasonable intrusion upon seclusion under Tennessee common law, and to certify this case as a class action. Specifically, Dochnal seeks to add as defendants Reuters Limited, Global World Check, West Publishing Corporation, and Global World-Check Holdings Ltd. Dochnal seeks to add as plaintiffs Douglas A. Dyer, Aleksandra Dochnal, and Henry M. Love.

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings prior to trial. At a certain point though, a party may amend the complaint "only

13

with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." FRCP 15(a)(2). The court has discretion to deny an opportunity to amend for a variety of reasons, such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is considered "futile" when it would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015).

First, the proposed amended complaint is futile as to Dochnal. The court has found that it lacks personal jurisdiction over plaintiff's claims against TRC. The proposed amended complaint does not cure this defect. It does not include any allegations supporting the exercise of general jurisdiction over TRC or the proposed new defendants. The proposed amended complaint contains no factual allegations that any of the proposed defendants is incorporated or principally based in Tennessee. Global World-Check, Global World-Check Holdings, Ltd., and Reuters Ltd. are London-based companies, organized under the laws of England. West Publishing Corporation is a Minnesota-based company, incorporated in Minnesota. Nor has Dochnal shown that his alleged injury arose in Tennessee. Similarly, the claims of the new plaintiffs fail because the proposed amended complaint fails to allege any facts connecting their claims and any conduct in Tennessee by a named defendant.

Second, the proposed plaintiffs' claims also fail for lack of personal jurisdiction over defendants because the proposed amended complaint fails to allege any connection

14

between their claims and any conduct in Tennessee by a named defendant. The proposed plaintiffs allege "they might be on the Thomson Reuters World Check One list," and they "have sent in requests to defendants' that have not yet been answered." For jurisdictional purposes, the proposed amended complaint merely states that "Defendants are and were doing business in Washington County, Tennessee." This is insufficient as a matter of law to confer personal jurisdiction. The proposed amended complaint attaches requests from the proposed plaintiffs sent by their counsel in Miami, Florida to "World Check" in London England. Because the proposed plaintiffs' cause of action does not arise from the activities of any defendant in Tennessee, this court has no specific jurisdiction.

Because the proposed amended complaint does not cure the defects of the original complaint, the court finds it would not survive a motion to dismiss. Accordingly, the motion to amend is denied.

### IV. Conclusion

In light of the foregoing discussion, Thomson Reuter's motion to dismiss [R. 12] is **GRANTED**, and Dochnal's motion to amend complaint [R. 38] is **DENIED.**

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**